Filed Sept. 27, 1894.

---

No. 1,199.

## THE WHITESTOWN MILLING COMPANY *v.* ZAHM AND COMPANY.

DEPOSITION.—*Failure to Take.—Negligence.—Liability for Costs.*—If a party give notice to take depositions, and thereby require the attendance of the opposing party or his counsel, and then fail to take the deposition because they had exercised no diligence to procure the attendance of the witness, the former is liable to the penalty prescribed by section 452, R. S. 1894, upon motion and affidavit of the facts.

APPELLATE COURT PRACTICE.—*Presumption.—Motion and Affidavits.— Record.*—Where the record shows the filing of a motion, and affidavits in support thereof, and the bill of exceptions contains such motion and affidavits, the presumption is that they are all the affidavits filed, unless the record or bill affirmatively shows that others not embodied in the bill were made.

From the Boone Circuit Court.

*H. C. Wills,* for appellant.

*S. M. Ralston* and *M. Keefe,* for appellee.

Ross, J.—The only error assigned in this court on this appeal calls in question the ruling of the court below on a motion made by the appellant to tax the appellees with certain costs.

The motion was predicated upon section 452, R. S. 1894, which is as follows: "When a party shall, in response to a notice to take depositions orally, attend at the time and place, by himself or attorney, and the deposition shall not be taken, he shall, upon notice and affidavit of the facts, have judgment against the party at whose instance the notice was given, for two dollars per day for each day he may attend under the notice, and six cents per mile for the distance necessarily traveled in going to and returning from the place fixed for taking such depositions, unless it shall be shown that the failure to take such depositions did not result from the negligence or fault of the party giving the notice."

The affidavits filed by the appellant in support of its motion were a complete compliance with the statute, and conclusively showed that the failure to take the depositions was the result of the negligence of the appellees.

The facts, as disclosed by the affidavits, are, in substance, that on the 13th day of January, 1893, the appellees served upon the appellant the required notice to take the deposition of F. Jeager, of the appellee, J. Frank Zahn, and of M. G. Black, one of the appellee's counsel, in the city of Toledo, Ohio, on the 20th day of January, 1893; that appellant's counsel, Henry C. Wills, went from Lebanon, Indiana, to Toledo, for the purpose of attending the taking thereof, and appeared at the time and place designated, but on account of the absence of said M. C. Black, who was then absent from the city, and had been for more than a week previous, none of the depositions were taken, whereupon appellant's counsel returned to Lebanon.

Counsel for the appellees insist that these facts, instead of showing the failure to take the depositions to have been their fault, show that they were not in fault, in that they had no knowledge of the absence of their counsel Black. In this contention we can not concur. When the appellees served the notice to take the depositions, it was their duty to use due diligence to see that the witnesses were present at the time and place designated for the taking, and not wait until the day of taking only to find that the presence of the witness could not be procured. They have no right to require the attendance of the opposite side, and then fail to take the depositions because they had exercised no diligence to procure the attendance of the witnesses. The statute under consideration was enacted for the very purpose of protecting the opposing party from such negligence, and casts the burden upon them of showing that the failure to take the depositions was not the result of their negligence or fault. That the appellees were in fault in this case can not well be questioned, and upon the showing made, the court should have sustained appellant's motion.

Counsel for the appellees insist that in ruling on the motion it was proper for the, court to hear evidence in support of and against it, and that the presumption which arises when the record does not show to the contrary, is that the ruling of the court was right; hence, it must have been that the court overruled the motion because there was other evidence before it which warranted the ruling. That the affidavits embodied in the bill are not shown to have been all the evidence introduced, and unless the bill contained the words, "this is all the evidence given in the cause" or their equivalent, the presumption is that there was other evidence. We think this contention untenable. When the record shows the filing

of a motion, and affidavits in support thereof, and the bill of exceptions contains such motion and affidavits, the presumption is that they are all the affidavits filed, unless the record or bill affirmatively shows that others not embodied in the bill were filed. *Chicago, etc., R. W. Co.* v. *McDaniel*, 134 Ind. 166.

Judgment reversed, with instruction to sustain appellant's motion to tax costs.

Filed March 7, 1894; petition for a rehearing overruled Sept. 25, 1894.